# Recess Appointments During an Intrasession Recess

The President may make interim recess appointments during an intrasession recess of eighteen days.

January 14, 1992

MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

This memorandum responds to your request that this Office determine whether the President may make appointments under the Recess Appointments Clause to the Federal Housing Finance Board ("FHFB"), the Legal Services Corporation ("LSC"), and the office of the Chief Executive Officer of the Resolution Trust Corporation ("RTC") during the current recess of the Senate, which began on January 3, 1992 and will end on January 21, 1992. We conclude that he may.

Common to all of these appointments is the issue whether the President may make recess appointments during an intrasession recess of eighteen days.[1] Article II, Section 2, Clause 3 of the Constitution provides: "The President shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session." The longstanding view of the Attorneys General has been that the term "recess" includes intrasession recesses if they are of substantial length. Attorney General Daugherty held in 1921 that the President had the power to make a recess appointment during a twenty-eight day intrasession recess. He explained that recess appointments could be made during any recess of such duration that the Senate could "not receive communications from the President or participate as a body in making appointments." 33 Op. Att'y Gen. 20, 24 (1921) (quoting S. Rep. No. 4389, 58th Cong., 3d Sess. 1905; 39 Cong. Rec. 3823). According to Attorney General Daugherty, while "the line of demarcation cannot be accurately drawn," *id.* at 25,

---

[1] For practical purposes with respect to nominations, this recess closely resembles one of substantially greater length. House Concurrent Resolution 260, enacted on November 27, 1991, provides that the first session of the 102nd Congress stood adjourned until 11:55 a.m. on January 3, 1992, or until Members were otherwise notified to reassemble. H. Con. Res. 260, 102d Cong., 1st Sess. (1991). It also provides that "when the Congress convenes on January 3, 1992 . . . , the Senate shall not conduct any organizational or legislative business and when it recesses or adjourns on that day, it stand in recess or adjournment until 11:30 a.m. on Tuesday, January 21, 1992 [or until otherwise notified to reassemble]." *Id.* Except for its brief formal session on January 3, then, the Senate will have been absent from November 27, 1991 until January 21, 1992, a period of fifty-four days.

15

the President is necessarily vested with a large, although not unlimited, discretion to determine when there is a real and genuine recess making it impossible for him to receive the advice and consent of the Senate. Every presumption is to be indulged in favor of the validity of whatever action he may take.

*Id.* Attorney General Daugherty's opinion has been cited with approval in subsequent opinions of the Attorneys General, and has been relied on by the Comptroller General as well. *See e.g.*, 41 Op. Att'y Gen. 463, 468 (1960); 28 Comp. Gen. 30, 34-36 (1948).

Past practice is consistent with exercise of the recess appointment power during an intrasession recess of eighteen days. President Coolidge made a recess appointment during a fifteen day recess. Memorandum for the Counsel to the President, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel at 3 (Dec. 3, 1971). In 1985 President Reagan made recess appointments during an eighteen day intrasession recess. Memorandum to Files, from Herman Marcuse, Office of Legal Counsel (Jan. 28, 1985). Accordingly, we believe that the President may constitutionally make recess appointments during the current intrasession recess.[2]

We next address the specific offices you have identified. All of the members of the Boards of Directors of the LSC and the FHFB had been serving pursuant to recess appointments that expired when the First Session of the 102nd Congress ended on January 3, 1992. Those offices are thus now vacant and the President may make recess appointments to them during the current recess. *See Permissibility of Recess Appointments of Directors of the Federal Housing Finance Board*, 15 Op. O.L.C. 91 (1991); Memorandum for John P. Schmitz, Deputy Counsel to the President, from Timothy E. Flanigan, Special Assistant, Office of Legal Counsel (Oct. 17, 1990).

Finally, we believe that the President may recess appoint the Chief Executive Officer of the RTC. That office was created by section 201 of the Resolution Trust Corporation Refinancing, Restructuring, and Improvement Act of 1991, Pub. L. No. 102-233, 105 Stat. 1761 ("Act"), which the President signed on December 12, 1991. Although certain of the substantive provisions of the Act do not take effect until February 1, 1992, *see* title III of the Act, the provision creating the position of Chief Executive Officer is not subject to any special effective date provision, and hence went into effect upon enactment. The Attorneys General have long believed that the President has the power to make an original recess appointment to a newly created position. *See* 12 Op. Att'y Gen. 455 (1868); 14 Op. Att'y Gen. 562 (1875); 18 Op. Att'y Gen. 28 (1880), a position upheld in *United States v. Allocco*, 305 F.2d 704, 713-14 (2d Cir. 1962), *cert. denied*, 371 U.S. 964

---

[2] Attorney General Daugherty, however, suggested in 1921 that "an adjournment for 5 or even 10 days" would not be sufficient "to constitute the recess intended by the Constitution." 33 Op. Att'y Gen. at 25.

(1963). The Office therefore now exists and is vacant for purposes of the Recess Appointments Clause.

In conclusion, we believe that the current recess constitutes a sufficient period for the President to make the aforementioned recess appointments as a matter of law. As a matter of policy, we suggest that the President make the appointments as soon in the recess as possible.

TIMOTHY E. FLANIGAN
*Acting Assistant Attorney General*
*Office of Legal Counsel*

17